**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENVILLE DIVISION**

| | | |
|---|---|---|
| Joshua M. Wolfe, | ) | Civil Action No.: 8:20-cv-01915-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden Charles Williams, | ) | |
| Associate Warden Alyson Glidewell, | ) | |
| Associate Warden Thomas Robinson, | ) | |
| Associate Warden Leeman, | ) | |
| Dr. McRee, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Joshua Wolfe, proceeding *pro se*,[1] filed the instant civil rights action pursuant to

42 U.S.C. § 1983 alleging violations of his constitutional rights during his confinement within the

South Carolina Department of Corrections ("SCDC"). (ECF No. 1.) This matter is before the

court for review of the Report and Recommendation ("Report") (ECF No. 69) on the above-

captioned Plaintiff's Motion to Amend the Pleadings (ECF No. 62) and the above-captioned

Defendants' Motion for Summary Judgment (ECF No. 51).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter

was referred to the United States Magistrate Judge for pretrial handling. On May 18, 2021, the

Magistrate Judge issued a Report (ECF No. 69) in which she recommended the court grant

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

Defendants' Motion for Summary Judgment (ECF No. 51) and deny Plaintiff's Motion to Amend his Complaint (ECF No. 62).

## I.    RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation.  In summary, Plaintiff alleges that, while he was being detained within SCDC, Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights against cruel and unusual punishment and in violation of his due process rights.  (*See* ECF No. 1.)  Defendants filed their Motion for Summary Judgment on January 12, 2021.  (ECF No. 51.) Plaintiff responded in opposition to Defendants' motion on March 29, 2021.  (ECF No. 60.) Plaintiff has also filed a Motion to Amend the Complaint (ECF No. 62), and Defendants have filed a response opposing Plaintiff's motion (ECF No. 67).

## II.    JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims against Defendants under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws."  *Id.*

## III.    LEGAL STANDARD

A.    <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed

and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.     <u>Motion for Summary Judgment</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

## IV.    ANALYSIS

A.    The Report and Recommendation

In her Report, the Magistrate Judge suggests summary judgment is appropriate because "Plaintiff has not forecasted evidence that any of the Defendants exhibited deliberate indifference to his serious medical needs," nor has he alleged that "any Defendant had actual or constructive knowledge of subordinates engaging in pervasive or widespread conduct that posed a risk of injury to detainees like Plaintiff" to hold Defendants liable in any supervisory capacity.  (ECF No. 69 at 13, 15–16.)

First, the Magistrate Judge found that Defendants are entitled to immunity pursuant to the Eleventh Amendment from Plaintiff's claims for monetary damages.  (ECF No. 69 at 11.)  As the Magistrate Judge explained, "[t]he Eleventh Amendment prohibits federal courts from entertaining an action against a state."  (*Id.* (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890)).)  Further, Eleventh Amendment immunity extends to "arm[s] of the State," and "protects state agencies and state official sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983."  (*Id.* (citing *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).)  That protection, the Magistrate Judge noted, extends to SCDC employees.  (*Id.* (citing *Johnson v. Stirling*, No. 9:18-3028-RMG, 2021 WL 1232658, at *2 n.1 (D.S.C. Apr. 2, 2021)).)

Second, the Magistrate Judge found that "Plaintiff has not forecasted evidence that any of the Defendants exhibited deliberate indifference to his serious medical needs."  (ECF No. 69 at 13.)  Outlining the requirements for a deliberate indifference claim, the Magistrate Judge explained that "[t]o prevail on an Eighth Amendment claim, the prisoner must demonstrate (1) his medical

condition was a sufficiently serious one and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind, which is satisfied by showing deliberate indifference by the prison officials." (*Id.* at 12 (citing *Goodman v. Wexford Health Sources, Inc.*, No. 09-6996, 2011 WL 1594915, at \*1 (4th Cir. Apr. 28, 2011) (quoting *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998))).) In this case, the Magistrate Judge found that "Plaintiff has received substantial medical care regarding his testicle issue." (*Id.* at 14). "Although [Plaintiff] is frustrated that his ultrasounds and his appointments with the urologists have not come as quickly as he would like, there is no basis for any reasonable inference that any medical staff, including Defendant Dr. McRee, were deliberately indifferent to his medical needs." (*Id.*) As for the remaining defendants, the Magistrate Judge noted "they are not trained medical personnel and are therefore entitled to rely on the opinions, judgment, and expertise of prison medical personnel concerning the course of treatment the medical personnel deemed medically necessary and appropriate for Plaintiff." (*Id.* (citing *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).) The Magistrate Judge found that "Plaintiff has not forecasted any evidence that could give rise to a reasonable inference that any of these Defendants had reason to believe that he was not receiving appropriate treatment from prison medical staff." (*Id.*)

Finally, the Magistrate Judge recommended denying Plaintiff's initial Motion to Amend (ECF No. 62) "because an amendment at this stage in the litigation would unfairly prejudice Defendants, whose summary judgment motion had been pending for two and a half months when Plaintiff moved to amend his Complaint." (ECF No. 69 at 17 n.6 (citing FED. R. CIV. P. 15).)

B.     Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation, asserting that a "genuine issue of material fact exist [sic] as to whether [sic] decision by prison officials to allow the medical contract [sic] end rather than upholding the State's obligations to provide adequate medical treatment for it [sic] prisoners" was a breach of the State's constitutional duty.  (ECF No. 82 at 6–7.)  Additionally, Plaintiff objects to granting Defendants' Motion for Summary Judgment because further discovery is needed to support Plaintiff's claims.  (*Id.* at 5, 7.)

C.     The Court's Review

First, Plaintiff objects to the Magistrate Judge's recommendation because a genuine issue of material fact exists as to whether Plaintiff's constitutional right to adequate medical care was violated.  The court overrules this objection and finds the Magistrate Judge properly found that Plaintiff has not demonstrated a factual dispute on this issue.  As the Magistrate Judge explained, "conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion."  (ECF No. 69 at 10 (citing *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989)).)

Second, Plaintiff objects to summary judgment on the basis that "[f]urther discovery is needed to discover why Gary B. Leamon Assistant Warden at Turbevlle [sic] didn't treat the cyst on [Plaintiff's] testicles after writing countless grievance and inmate requests to medical and staff members and to discover if Doctor Robert M. McDonald, Jr. MD sent the Department of Corrections any instruction of Plaintiff's cyst."  (ECF No. 82 at 5.)  The court finds that further discovery would not help Plaintiff avoid summary judgment.  As the Magistrate Judge explained, the record in this case shows Plaintiff received substantial medical treatment for his testicular cysts.  (ECF No. 69 at 14.)   Whether SCDC received records from a prior treatment provider is

immaterial. Moreover, Defendant Leamon is not medically trained and, therefore, could not provide medical treatment. The Magistrate Judge correctly noted that the nonmedical defendants were entitled to rely on the opinions of medical personnel, and Plaintiff has not provided evidence supporting the assertion that Defendants acted with deliberate indifference. (*Id.* at 15.)

The remainder of Plaintiff's objections appear to repeat arguments the Magistrate Judge properly considered and addressed. As such, the court reviews the remaining portions of the Report for clear error. *See Diamond*, 416 F.3d at 315. The court observes no clear error on the face of the record and accepts the Magistrate Judge's recommendations.

As to Plaintiff's Motion to Amend the Complaint (ECF No. 62), the court agrees with the Magistrate Judge's finding that an amendment at this stage in the litigation would be unfairly prejudicial to Defendants. (ECF No. 69 at 17 n.6 (citing FED. R. CIV. P. 15).) Plaintiff did not object to this portion of the Report and the court finds no clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d at 315. As such, the court accepts the Magistrate Judge's recommendation and denies Plaintiff's Motion to Amend the Complaint (ECF No. 62).

## V.    CONCLUSION

For the reasons set forth above, the court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 51) and **DENIES** Plaintiff's Motion to Amend the Complaint (ECF No. 62). The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 69) and incorporates it herein by reference as set forth above.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 11, 2021
Columbia, South Carolina

7